IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

LeJONATHAN COX                    §

v.                                §        CIVIL ACTION NO. 6:09cv486

CHUCK BISCOE, ET AL.              §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff LeJonathan Cox, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cox complained of an incident of interference with legal mail. As the Magistrate Judge explained, Cox filed a habeas corpus petition in the U.S. District Court for the Northern District of Texas. This petition was dismissed on July 9, 2008, and Cox received a copy of the order of dismissal on July 11. On December 9, 2008, five months later, Cox filed a motion for extension of time to file a notice of appeal. This motion was also construed as a notice of appeal. The motion for extension of time was denied January 6, 2009, and on February 11, 2009, the Fifth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely.

On February 27, 2009, some two weeks after his appeal was dismissed, Cox filed a motion for extension of time to submit a transcript order form. On April 27, 2009, Cox filed a second motion for an out-of-time appeal. On May 7, 2009, the Magistrate Judge issued a Report recommending that the motion for extension of time to submit a transcript order form and the motion

for an out of time appeal be denied. This Report was adopted by the district court on May 26, 2009, denying Cox's motions.

A copy of the May 26 order was sent to Cox at the prison, but was returned to the court marked "RTS - Refused." Cox emphatically denies refusing this order, and says that he was denied access to court by the returning of his mail without his knowledge or consent. He sues Warden Chuck Biscoe, mailroom supervisor Sharon Carlile, and the unknown person who actually returned his mail.[1]

The named defendants were ordered to answer the lawsuit and, on May 17, 2011, filed a motion for judgment on the pleadings. This motion argued that Cox failed to set out a valid claim because he did not show that he had suffered any actual harm. The Defendants asserted that "Cox is quibbling about the non-receipt of an order that denies his extension of time to file a transcript order form and his motion for out-of-time appeal, when his appeal has already been considered and dismissed by the Fifth Circuit." They contend that Cox was not harmed by the lapse in time in receiving his order because he would be unable to cure the deficiencies which resulted from his own lack of timeliness in appealing the dismissal of his case.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion for judgment on the pleadings be granted and that the lawsuit be dismissed. The Magistrate Judge noted that in order for a claim of mail tampering to rise to the level of a constitutional violation, the plaintiff must show that his position as a litigant was prejudiced by the tampering. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). This comports with the general rule that claims of denial of access to court require a showing of actual harm. Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996); Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

In the case, the Magistrate Judge said, the docket of Cox's habeas petition shows that he did not file a notice of appeal until some five months after his case had been dismissed, well

---

[1]This unknown person was identified by Cox on May 26, 2011, as an individual named Glenda Young.

outside of the time limit to file a notice of appeal, and even outside of the time in which to seek an extension of time to appeal. Nor did Cox appeal the denial of his first motion for extension of time to appeal, or seek rehearing of the Fifth Circuit's dismissal of his petition. In this case, the Magistrate Judge said, Cox did not show any actual injury from the delaying of his legal mail because he offered nothing to show that an appeal from this order would have raised any non-frivolous grounds. The Magistrate Judge pointed to Taylor v. Dretke, 239 Fed.Appx. 882, 2007 WL 1860252 (5th Cir., June 28, 2007), as an example of a case in which similar reasoning was applied; in that case, the plaintiff complained that his legal mail was interfered with, preventing him from filing a petition for discretionary review with the Texas Court of Criminal Appeals, but the Fifth Circuit determined that the case was without merit because the plaintiff had failed to show that he had been prevented from raising a *meritorious* issue in a timely petition for discretionary review. Specifically, the Fifth Circuit stated that the plaintiff "did not state what substantive issues would have been raised or why the Court of Criminal Appeals would have resolved those issues in his favor." *See also* Davis v. Hamlin, civil action no. 3:04cv2601, 2005 WL 2036258 (N.D.Tex., August 24, 2005, appeal dismissed) (suit against district clerk of Dallas County, for denial of the right to purchase certified pages of information from his trial court records, was dismissed for failure to show actual injury; denial of the records at issue did not hinder the plaintiff's ability to pursue a non-frivolous claim).

In the present case, the Magistrate Judge said, Cox failed to show any actual injury, because he offered nothing to show that had he received the delayed order in a timely manner, he could have raised non-frivolous grounds in an appeal from this order. Thus, the Magistrate Judge recommended that the motion for judgment on the pleadings be granted.

Cox filed objections to the Magistrate Judge's Report on June 15, 2011. In his objections, Cox first states that the Magistrate Judge has "misinterpreted and misapplied the holdings, as opposed to the dicta," in the Supreme Court's decision in Lewis. He argues that he did show "actual harm" because he lost the opportunity to file a notice of appeal, an application for leave

3

to proceed *in forma pauperis* on appeal, or for a certificate of appealability. He cites Lewis as stating that depriving someone of an arguable, though not yet established, claim inflicts actual injury, and that cognizable harm arises not only when a claim is lost or rejected, but when efforts to pursue a claim are impeded. Thus, he argues, he need not show that a claim would have prevailed, but only that it was not frivolous.

The correct test, as stated by the Magistrate Judge, is that to prevail on a claim of mail tampering, the plaintiff must show that *his position as a litigant was prejudiced*. Walker, 4 F.3d at 413. In Petty v. Kelly, 73 Fed.Appx. 79, 2003 WL 21756716 (5th Cir., June 24, 2003), the Fifth Circuit stated as follows:

> Petty contends that he was deprived of his right against arbitrary censorship due to the interference with his mother's mail and other missing legal mail. Petty has failed to show that his position as a litigant was prejudiced by the alleged mail tampering. He does not show that he could have prevailed in his previous lawsuit had nobody tampered with his mail. *See* Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

In this case, Cox has not shown that his position as a litigant was prejudiced by the delay in his receipt of the order from the district court. While the Supreme Court stated in Lewis that depriving someone of an arguable though not yet established claim inflicts actual injury, Cox has failed to show that he was deprived of any arguable claim. As the Magistrate Judge observed, Cox received a copy of the order dismissing his petition on July 11, 2008, but filed nothing in the case until December 9, 2008, at which point the time for filing a notice of appeal had elapsed, as had the time for seeking an extension in which to file a notice of appeal. *See* Rule 4(a)(5), Fed. R. App. P. His appeal was dismissed on February 11, 2009, because the notice of appeal was untimely, and Cox did not seek rehearing of this decision. His first motion for an extension of time to appeal was denied on January 6, 2009, and Cox did not appeal this denial. Instead, after filing for an extension to secure a transcript, a motion serving no purpose after the dismissal of his appeal, Cox filed a second motion for an out-of-time appeal, over ten weeks after his appeal had been dismissed.

Cox simply has not shown that an appeal of the denial of this second motion for an out-of-time appeal would have presented any arguable claims. Even if the motion were construed as a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P., Cox has offered nothing to show that an appeal from the denial of such a motion would have presented arguable or non-frivolous claims. Such an appeal would relate only to the denial of the Rule 60(b) motion itself, and not the underlying judgment. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n.7 (1978); Bailey v. Cain, 609 F.3d 763, 767 (5th Cir. 2010). Appeals of the denial of Rule 60 motions are reviewed on an abuse of discretion standard, *see* Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984), and Cox has not shown any arguable or non-frivolous claims which he could have presented in such an appeal. His objections are without merit. *See also* Roberts v. Foti, 68 F.3d 471, 1995 WL 581852 (5th Cir., September 20, 1995) (abuse of discretion standard applies to reviews of a denial of a motion for extension of time to appeal).

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for judgment on the pleadings (docket no. 19) be and hereby is GRANTED and the above-styled civil action is hereby DISMISSED with prejudice. It is further

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 23rd day of June, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE