IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LeJONATHAN COX | § | |
| v. | § | CIVIL ACTION NO. 6:09cv486 |
| CHUCK BISCOE, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING PLAINTIFF'S POST-JUDGMENT MOTION

The Plaintiff LeJonathan Cox, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cox complained of an incident in which legal mail was returned in error to the U.S. District Court for the Northern District of Texas. He asserted that as a result of this error, he was denied access to court in a habeas corpus petition which he was pursuing.

The Magistrate Judge ordered the Defendants to answer the lawsuit, and they filed a motion for judgment on the pleadings. This motion argued that Cox had not shown any harm through the fact that his mail was not delivered properly. The records show that Cox's federal habeas petition was dismissed on July 8, 2008, and Cox received notice of this dismissal three days later, on July 11, 2008. He did nothing until December 9, 2008, well after the appeal time had expired, when he filed a motion for extension of time in which to appeal.

In response to this motion, the district court sent Cox a questionnaire to determine when he received the final judgment. After learning that Cox received it on July 11, the district court

1

denied Cox's motion for extension of time in which to appeal, and on February 11, 2009, the Fifth Circuit dismissed Cox's appeal for want of jurisdiction.

On February 27, 2009, Cox filed a motion for an extension of time to submit a transcript order form, despite the fact that his appeal had been dismissed. On April 27, 2009, he filed a second motion for an out of time appeal. On May 7, 2009, the Magistrate Judge issued a Report recommending that the motion for a transcript and the request for an out-of-time appeal be denied. This Report referred to the prior order denying the first request for an out-of-time appeal, which noted the time limitations for filing such a motion, and said that Cox's motion had been filed well after the time for doing so had expired. Cox filed objections to the Magistrate Judge's Report, but these objections were overruled by the district court on May 26, 2009. It was this order, overruling Cox's objections and denying his second motion for an out-of-time appeal and his motion for extension of time to submit a transcript form, which Cox did not receive.[1]

After review of the pleadings in the present case, this Court granted the Defendants' motion for judgment on the pleadings and dismissed Cox's lawsuit. The Court cited Fifth Circuit precedent stating that for a claim of mail tampering to rise to the level of a constitutional violation, the plaintiff must show that his position as a litigant was prejudiced by the tampering. Walker v. Navarro County, 4 F.3d 410, 413 (5th Cir. 1993); *see also* Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996) (holding that actual harm must be shown to establish a violation of the right of access to court).

In this case, the Court concluded that Cox had not shown any actual harm, nor was his position as a litigant impaired, by the fact that he did not receive a copy of the district court's order denying his request for an extension of time to submit a transcript form and his second motion for extension of time in which to submit a notice of appeal. While Cox argued that he could have

---

[1]The docket of Cox's habeas case shows that the order was returned in an envelope marked "refused;" however, Cox denies refusing the order, and the Court assumes that Cox did not refuse the order.

appealed this denial, he offered nothing to show that such an appeal would not have been frivolous or that it would have had any chance of success at all. The Court noted that the time limits for filing notices of appeal are jurisdictional, and that because the final judgment in this case was entered on July 8, 2008, and Cox received notice of it on July 11, he had until Thursday, August 7, 2008, in which to file his notice of appeal, and 30 days thereafter, or until Monday, September 8, 2008, in which to seek an extension of time to file a notice of appeal. However, he waited another three months, until December 9, 2008, in which to file his first motion for an extension of time to appeal.

After Cox's first motion for extension of time to appeal was denied, Cox did not appeal this denial. The order which he says that he did not receive was the denial of his *second* motion for extension of time to appeal, which motion was filed in April of 2009, some nine months after his habeas corpus petition had been denied. Because Cox failed to show that he had suffered any actual harm, in that any appeal of the denial of his second motion for extension of time to appeal would have been frivolous, the Court determined that the Defendants were entitled to judgment on the pleadings.

After the entry of final judgment, Cox filed a motion which he styled as a "motion for summary judgment." The Magistrate Judge reviewed this as a motion to alter or amend the judgment under Rule 59, Fed. R. Civ. P., and on July 8, 2011, the Magistrate Judge issued a Report recommending that the motion be denied.

In his motion, Cox says that as soon as he learned of the order which he had not received, he promptly filed an appeal, but this appeal was dismissed as untimely. He then tried to bring a successive habeas petition, and mentioned the returned of his mail, but the Fifth Circuit said that this claim had to be brought in a Section 1983 lawsuit.

Cox argued that he is entitled to summary judgment because the return of his mail hindered his efforts to pursue his legal claim, specifically an appeal from the district court's order of May 26, 2009, the order which he did not receive. However, the Magistrate Judge observed that Cox failed to show that such an appeal could have raised any arguable or non-frivolous claims. The

Supreme Court has specifically rejected the notion that even a lost frivolous claim established standing to complain of a denial of access to court. <u>Lewis</u>, 116 S.Ct. at 2181 n.2 (stating that "depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions."). Thus, the Magistrate Judge concluded that the deprivation of the opportunity to appeal the May 26 order deprived Cox of nothing beyond the opportunity to file a frivolous appeal, and recommended that Cox's motion to alter or amend the judgment be denied.

A copy of this Report was sent to Cox at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 44) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for summary judgment (docket no. 35), construed as a motion to alter or amend the judgment under Rule 59, Fed. R. Civ. P., is hereby DENIED.

**SIGNED this 30th day of September, 2011.**

4

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE